OPINION
On March 21, 1997, appellant, Larry Hill, was cited for operating a motor vehicle while intoxicated in violation of R.C.4511.19 and failure to maintain reasonable control in violation of R.C. 4511.202. On April 24, 1997, appellant filed a motion to suppress for failure to advise appellant of his Miranda rights. A hearing was held on May 9, 1997. By judgment entry filed same date, the trial court granted in part and denied in part said motion.
On May 19, 1997, appellant filed a supplemental motion to suppress additional statements and the field sobriety test for failure to advise appellant of his Miranda rights. A hearing was held on May 22, 1997. By judgment entry filed same date, the trial court granted in part and denied in part said motion.
On May 30, 1997, appellant filed a motion to dismiss for lack of probable cause to arrest. A hearing was held on June 4, 1997. At the conclusion of the hearing, the trial court denied said motion.
On June 9, 1997, appellant pled no contest.[1] By judgment entries filed said date, the trial court sentenced appellant to thirty days in jail and imposed a total fine of $780.00. In addition, the trial court filed two judgment entries on his previous rulings on appellant's motions to suppress.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT-APPELLANT'S MOTION TO DISMISS AS THERE EXISTED INSUFFICIENT EVIDENCE TO CONVICT THE APPELLANT FOR DRIVING UNDER THE INFLUENCE IN VIOLATION OF OHIO REVISED CODE § 4511.19.
 I
Appellant claims the trial court erred in denying his motion to dismiss for lack of probable cause to arrest. Upon review, we find the trial court did not provide any findings in support of his denial. Pursuant to Crim.R. 12 (E) "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." The issue of probable cause to arrest sub judice requires the trial court to factually determine the basis of the arrest and when the arrest was made. We hereby remand the case to the trial court to provide findings of fact within thirty days of the filing of this opinion/entry.
The judgment of the Alliance Municipal Court of Stark County, Ohio, Ohio is hereby remanded.
By Farmer, P.J., Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00210
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Alliance Municipal Court of Stark County, Ohio is remanded to said court for findings of fact within thirty days of the filing of this opinion/entry.
[1] We note the judgment entry on the plea for the offense of reasonable control is checked "no contest." However, the judgment entry on the plea for the offense of driving while intoxicated in checked "guilty." Because appellee makes no mention of this "guilty" plea and agrees with appellant's statement of the case wherein appellant states he pled no contest, we presume the "guilty" check is in error and appellant's plea on said charge should be "no contest."